UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LYNN SHIELDS | CIVIL ACTION |
| VERSUS | NO. 15-3243 |
| BOYS TOWN LOUISIANA, INC. ET AL. | SECTION "G"(2) |

## ORDER AND REASONS ON MOTION

I previously deferred ruling on plaintiff's Motion to Compel, Record Doc. No. 17, so that I could conduct an in camera review of the subject documents being withheld from discovery on privilege and/or work product grounds, as plaintiff had requested.   In response to the court's order, Record Doc. No. 22, defense counsel submitted the subject documents to me, and I have reviewed them in camera.  Having considered the record, the applicable law and the written submissions of counsel, IT IS ORDERED that plaintiff's motion to compel is GRANTED IN PART AND DENIED IN PART as follows.

I.     LEGAL STANDARDS

Defendants, Boys Town Louisiana, Inc. and Father Flanagan's Boys' Home, as the parties resisting discovery, bear the burden of proof to demonstrate the existence of any privilege in the materials, including the attorney-client privilege and work product protection.  Vicknair v. La. Dep't of Pub. Safety & Corr., 555 F. App'x 325, 333 (5th Cir. 2014); United States v. Newell, 315 F.3d 510, 525 (5th Cir. 2002); In re Santa Fe Int'l Corp., 272 F.3d 705, 710 (5th Cir. 2001); Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 721 (5th Cir. 1985); Ingraham v. Planet Beach Franchising Corp., No. 07-3555, 2009 WL 1076717, at *1 (E.D. La. Apr. 17, 2009); Kiln Underwriting Ltd. v. Jesuit High

Sch., No. 06-04350, 2008 WL 108787, at *4-5 (E.D. La. Jan. 9, 2008) (citing Hodges, 768 F.2d at 721); United States v. Impastato, No. 05-325, 2007 WL 2463310, at *2 (E.D. La. Aug. 28, 2007) (citing United States v. Harrelson, 754 F.2d 1153, 1167 (5th Cir. 1985); United States v. Kelly, 569 F.2d 928, 938 (5th Cir. 1978)).  Defendants have attempted to meet their burden with the affidavit of their in-house counsel, Victor F. LaPuma, Record Doc. No. 21-6, and from the contents of the in camera documents themselves.

The attorney-client privilege and work product doctrine apply equally to in-house counsel as to outside attorneys.  Upjohn Co. v. United States, 449 U.S. 383, 390 (1981); United States v. El Paso Co., 682 F.2d 530, 538 n.8 (5th Cir. 1982); Swoboda v. Manders, No. 14-19-SCR, 2015 WL 1781533, at *5 n.9 (M.D. La. Apr. 20, 2015); Dinh v. Samsung Fire & Marine Ins. Co., No. 2:12-CV-00323, 2013 WL 1625184, at *2 (S.D. Tex. Apr. 12, 2013); Brookshire Bros. Holding, Inc. v. Total Containment, Inc., 2:04-CV-1150, 2006 WL 845731, at *2 (W.D. La. Mar. 30, 2006).

A.     The Work Product Doctrine

Work product protection from discovery extends to documents and tangible things that are prepared in anticipation of litigation or for trial by or for a party or its representative, Fed. R. Civ. P. 26(b)(3)(A), but does not extend to the "underlying relevant facts." In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2010 WL 2522968, at *1 (E.D. La. June 14, 2010); Blockbuster Entm't Corp. v. McComb Video, Inc., 145 F.R.D. 402, 403 (M.D. La. 1992) (citing El Paso Co., 682 F.2d at 542; Hill Tower, Inc. v. Dep't of Navy, 718 F. Supp. 562, 566 (N.D. Tex. 1988)); accord 8 C.A. Wright, A.R. Miller &

R.L. Marcus, <u>Federal Practice and Procedure</u> § 2024, at 494 (3d ed. 2010) ("Wright & Miller").

The work product "privilege can apply where litigation is not imminent, as long as the <u>primary motivating purpose</u> behind the creation of the document was to aid in possible future litigation." <u>Udoewa v. Plus4 Credit Union</u>, 457 F. App'x 391, 393 (5th Cir. 2012) (quoting <u>In re Kaiser Alum. & Chem. Co.</u>, 214 F.3d 586, 593 (5th Cir. 2000)) (internal quotation omitted) (emphasis added).

"The mere fact that a document is prepared when litigation is foreseeable does not mean the document was prepared in anticipation of litigation . . . ." <u>Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.</u>, 19 F.3d 1432, 1994 WL 58999, at *3 (6th Cir. 1994) (citing <u>Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.</u>, 967 F.2d 980, 984 (4th Cir. 1992)). Even "[e]stablishing that a document was prepared <u>after</u> litigation was commenced is insufficient to prove that the document was prepared in anticipation of litigation. . . . What is crucial is that 'the <u>primary motivating purpose</u> behind the creation of the document was to aid in possible future litigation.'" <u>Robinson v. Tex. Auto. Dealers Ass'n</u>, 214 F.R.D. 432, 449 (E.D. Tex. 2003) (quoting <u>In re Kaiser Alum.</u>, 214 F.3d at 593) (emphasis added), <u>rev'd on other grounds</u>, 2003 WL 21911333 (5th Cir. July 25, 2003); <u>accord Global Oil Tools, Inc. v. Barnhill</u>, No. 12-1507, 2013 WL 1344622, at *6 (E.D. La. Apr. 3, 2013); <u>Guzzino v. Felterman</u>, 174 F.R.D. 59, 63 (W.D. La. 1997); <u>Blockbuster</u>, 145 F.R.D. at 404.

"The law is settled that 'excluded from the work product doctrine are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation.'" Guzzino, 174 F.R.D. at 62 (quoting El Paso Co., 682 F.3d at 542) (citing Fed. R. Civ. P. 26(b)(3) advisory committee notes)); accord Wright & Miller, § 2024, at 503; see also Hill Tower, 718 F. Supp. at 565 ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation when this document was drafted.") (citing Senate of P.R. v. U.S. Dep't of Justice, 823 F.2d 574, 586 (D.C. Cir. 1987); Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 865 (D.C. Cir. 1980)). "If the document would have been created regardless of whether the litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation." Global Oil Tools, 2013 WL 1344622, at *6 (citing S. Scrap Mat'l Co. v. Fleming, 2003 WL 21474516, at *6 (E.D. La. June 18, 2003); Piatkowski v. Abdon Callais Offshore, L.L.C., No. 99-3759, 2000 WL 1145825, at *1 (E.D. La. Aug, 11, 2000)).

Documents or tangible things that are collected by an attorney with respect to an event, but that reflect no "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation," Fed. R. Civ. P. 26(b)(3), are not protected by the work product doctrine. Things collected in the ordinary course of business do not become work product merely because the party's counsel directed that the materials be preserved. Holbourn v. NCL (Bahamas) Ltd., 305 F.R.D.

685, 687-88 (S.D. Fla. Sept. 26, 2014); <u>Sowell v. Target Corp.</u>, No. 5:14-CV-93-RS-GRJ, 2014 WL 2208058, at *2 (N.D. Fla. May 28, 2014); <u>Schulte v. NCL (Bahamas) Ltd.</u>, No. 10-23265-CIV, 2011 WL 256542, at *2 (S.D. Fla. Jan. 25, 2011); <u>Inferrera v. Wal-Mart Stores, Inc.</u>, No. 11-5675 RMB/JS, 2011 WL 6372340, at *2 (D.N.J. Dec. 20, 2011).

Attorney opinions or core work product merit special protection from discovery pursuant to Rule 26(b)(3)(B).  "At its core, the work-product doctrine shelters the mental processes of the attorney [or others named in the Rule], providing a privileged area within which he can analyze and prepare his client's case."  <u>United States v. Nobles</u>, 422 U.S. 225, 238-39 (1975).  Even

> when a party is ordered to produce its work product because the discovering party has made the showing mandated by Rule 26(b)(3)(A)(i) and (ii), Rule 26(b)(3)(B) requires the court to protect against disclosure of the <u>mental impressions, conclusions, opinions, or legal theories</u> of a party's attorney or other representative concerning the litigation.  Thus, tangible materials that contain the mental impressions, conclusions, opinions or legal theories of a party's attorney or representative, otherwise known as "opinion work product," are afforded a high degree of protection.

<u>In re Katrina Canal Breaches</u>, 2010 WL 2522968, at *1 (quotation omitted) (citing <u>Upjohn</u>, 449 U.S. at 395-96; <u>Dunn v. State Farm Fire & Cas. Co.</u>, 927 F.2d 869, 875 (5th Cir. 1991); <u>In re Int'l Sys. & Controls Corp. Sec. Litig.</u>, 693 F.2d 1235, 1240 (5th Cir. 1982); <u>Bonneau v. F & S Marine, Inc.</u>, No. 09-3336, 2010 WL 1254552, at *2 (E.D. La. Mar. 25, 2010); <u>Bross v. Chevron U.S.A. Inc.</u>, No. 06-1523, 2009 WL 854446, at *5 (W.D. La. Mar. 25, 2009); <u>Blockbuster</u>, 145 F.R.D. at 403-04) (additional citations omitted).

However, when

> an attorney's mental impressions are those that a layman would have as well as a lawyer in these particular circumstances, and in no way reveal anything worthy of the description "legal theory," those impressions are not opinion work product.
>
> Where it appears that the focus or framework provided by counsel is obvious or non-legal in nature, it is incumbent upon the party claiming opinion work product protection to explain specifically how disclosure would reveal the attorney's legal impressions and thought processes.

F.T.C. v. Boehringer Ingelheim Pharm., Inc., 778 F.3d 142, 153 (D.C. Cir. 2015), cert. denied, 136 S. Ct. 925 (2016) (quotation and citation omitted).

B.    The Attorney-Client Privilege

Federal common law applies to assertions of attorney-client privilege in this federal question case with a pendent state law claim.  Vondrak v. City of Las Cruces, 760 F. Supp. 2d 1170, 1176-77 (D.N.M. 2009) (citing In re Sealed Case (Med. Records), 381 F.3d 1205, 1212-13 (D.C. Cir. 2004); Virmani v. Novant Health Inc., 259 F.3d 284, 287 n.3 (4th Cir. 2001); Pearson v. Miller, 211 F.3d 57, 61 (3d Cir. 2000); Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir. 1992); Hancock v. Hobbs, 967 F.2d 462, 466 (11th Cir. 1992); Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367 n.10 (9th Cir. 1992)); In re Combustion, Inc., 161 F.R.D. 51, 53 (W.D. La.), aff'd, 161 F.R.D. 54 (W.D. La. 1995).

The federal attorney-client privilege protects communications made in confidence by a client or his representative to his lawyer for the purpose of obtaining legal advice. The party invoking the privilege has the burden of demonstrating its applicability.  The

application of the privilege is a question of fact.  King v. Univ. Healthcare Sys., L.C., 645

F.3d 713, 720-21 (5th Cir. 2011).

It is axiomatic that the attorney-client privilege "only protects disclosure of

confidential communications between the client and attorney; it does not protect disclosure

of underlying facts."  United States v. Edwards, 39 F. Supp. 2d 716, 723 (M.D. La. 1999)

(citing Upjohn, 449 U.S. at 395-96; In re Six Grand Jury Witnesses, 979 F.2d 939 (2d Cir.

1992); United States v. Freeman, 619 F.2d 1112 (5th Cir. 1980); Computer Network Corp.

v. Spohler, 95 F.R.D. 500 (D.D.C. 1982)); accord OneBeacon Ins. Co. v. T. Wade Welch

& Assocs., No. H-11-3061, 2013 WL 6002166, at *3 (S.D. Tex. Nov. 12, 2013).

"'Pre-existing facts that underlie the client's confidential communications, whether oral

or written, are not privileged simply because the client disclosed them to an attorney for

the purpose of obtaining legal services.'"  Edwards, 39 F. Supp. 2d at 736 (quoting

Weinstein's Federal Evidence, § 503.14[4][a] (2d ed. 1998), citing Upjohn, 449 U.S. at

395); accord OneBeacon Ins. Co., 2013 WL 6002166, at *3.

"Courts also require the party asserting privilege to have a reasonable expectation

the communication is confidential, either by the intrinsic nature of the communication or

the subjective intent of the assertor."  Vicknair, 555 F. App'x at 333 (citing United States

v. Robinson, 121 F.3d 971, 976 (5th Cir. 1997)).  When a communication between attorney

and client occurs in the presence of a third party, the communication generally is not

confidential and the privilege is waived.  Nguyen v. Excel Corp., 197 F.3d 200, 207 (5th

Cir. 1999); Hodges, 768 F.2d at 721.

## II.   ANALYSIS

Defendants have carried their evidentiary burden as to Document Nos. 1, 2 and 5 through 13. The form, content, nature and timing of these documents, coupled with the assertions in LaPuma's affidavit, establish that the documents are protected from disclosure by the attorney-client privilege because they were confidential communications by or to LaPuma for the purpose of obtaining or rendering legal advice, and/or by Rule 26(b)(3) because they were created with the primary motivating purpose of preparing for future litigation at a time when such litigation was reasonably anticipated. As to the Rule 26(b)(3) materials, I also find that plaintiff has not shown that she has "substantial need for the materials to prepare [her] case and cannot, without undue hardship obtain their substantial equivalent by other means," including by deposing the persons who participated in her termination. Fed. R. Civ. P. 26(b)(3)(ii).

In contrast, defendants have not sustained their burden of proof with respect to Document Nos. 3 and 4. As to these two documents, LaPuma's affidavit essentially says nothing more than that they were in his file. He asserts in conclusory fashion that they were created for the purpose of providing legal advice to defendants.

Document No. 3 is identified on the privilege log as undated, handwritten meeting notes by Traci McAuliffe, defendants' Director of Human Resources. LaPuma states that this document is being "withheld because it includes my recommendations to Father Flanagan's Boys' Home for the purpose of providing legal advice." Record Doc. No. 21-6 at ¶ 9. Document No. 4 is identified as undated, handwritten meeting notes with an

illegible signature.  Nothing in the materials submitted by defendants identifies its author. LaPuma includes this document within his assertion that he instructed Father Flanagan's Boys' Home to prepare "statements" regarding plaintiff's employment. "These statements were intended to be confidential as part of my legal file and were kept confidential. Further, these statements were made for the purpose of providing legal advice to Father Flanagan's Boys' Home." Id. at ¶ 8.

Based on the content, form, nature and unstated time period of these two documents, I find that they are more probably than not contemporaneously prepared notes of non-attorneys regarding a meeting or conference held to discuss the termination of plaintiff's employment (Document No. 3) and the meeting during which she was notified of her imminent termination (Document No. 4), in which the authors of these notes apparently participated.  On their face, both documents more probably than not were prepared in the ordinary course of defendants' business, rather than for the primary purpose of giving or obtaining legal advice or preparing for anticipated litigation.  The mere fact that they were collected by LaPuma and maintained in his files does <u>not</u> establish that they are work product or attorney-client communications.  I cannot accept LaPuma's conclusory assertion that Document No. 4 was a statement prepared at his direction when he cannot even identify who wrote these notes.

In addition, I cannot find that defendants did not waive their privilege, if any, as to Document No. 4.  The meeting notes themselves indicate that some things said during plaintiff's termination meeting were intended to be kept confidential, but were not kept

confidential because they were revealed to plaintiff, who was a third party as to those matters.  See United States v. Deloitte LLP, 610 F.3d 129, 139-40 (D.C. Cir. 2010) (citations omitted) (voluntary disclosure of attorney work product to an adversary waives work-product protection for that material); Indus. Clearinghouse, Inc. v. Browning Mfg. Div., 953 F.2d 1004, 1007 (5th Cir. 1992) (disclosure of "any significant portion of a confidential communication waives the privilege as a whole"); EPCO Carbondioxide Products, Inc. v. St. Paul Travelers Ins. Co., No. 06-1800, 2007 WL 4560363, at *2 (W.D. La. Dec. 21, 2007) (defendant failed to establish confidentiality for purposes of establishing attorney-client privilege when the evidence "suggested that the communications were shared with individuals acting on behalf of other parties").

Accordingly, IT IS ORDERED that, no later than April 18, 2016, defendants must produce Document Nos. 3 and 4 to plaintiff, with the following exception:  Document No. 3 contains one sentence that appears to reflect a communication by counsel for the purpose of providing legal advice.  It is the third sentence near the top of the first page, beginning with "Vic said."  Defendants may redact that sentence before producing Document No. 3 to plaintiff.

New Orleans, Louisiana, this _____4th_____ day of April, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE