# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYNN SHIELDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3243** |
| **BOYS TOWN LOUISIANA, INC., et al.** | **SECTION: "G"(2)** |

## <u>ORDER</u>

In this litigation, Plaintiff Lynn Shields ("Shields") alleges that Defendants Boys Town Louisiana, Inc. ("Boys Town") and Father Flanagan's Boys Home (collectively "Defendants") discriminated against Shields on the basis of her race and retaliated against her for complaining about discrimination and for taking protected leave under the Family Medical Leave Act ("FMLA").[1] Pending before the Court are Plaintiff's "Motion to Strike Evidence Cited in Defendants' Motion for Summary Judgment,"[2] and Defendants' "Motion to Strike the Declaration of Debbie Bresler (Docket No. 74-8)."[3] Having reviewed the motions, the memoranda in support, the memoranda in opposition, the record, and the applicable law, the Court will convert the motions to strike into objections and will rule on the objections as follows.

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 73.

[3] Rec. Doc. 79.

1

## I. Background

### A.      Factual Background

Shields, a Caucasian woman, alleges that she began working as a Director of Development for Defendants on August 16, 2008 and reported to Defendants' Executive Director for Louisiana, Dr. Dennis Dillon ("Dillon").[4] Shields alleges that she was subjected to discrimination based upon her race and retaliated against for taking FMLA-protected leave.[5] Shields also alleges that while she was using FMLA leave in 2014, Dillon informed her that Defendants were not happy with her client and fundraising numbers and were closely monitoring her performance.[6] Shields alleges that on October 31, 2014, she was informed that she was being suspended for making racially insensitive remarks to another employee, Keli Nees ("Nees") and that there would be an investigation.[7] She alleges that despite requesting a copy of her personnel file on or around October 30, 2014, she was never provided with a copy and she was terminated without reason or justification in November 2014.[8]

---

[4] Rec. Doc. 1 at 1.

[5] *Id.* at 1–2.

[6] *Id.* at 4.

[7] *Id.* at 5.

[8] *Id.*

**B.      *Procedural Background***

Shields filed a complaint against Defendants on August 4, 2015.[9] Defendants filed a motion for summary judgment on May 10, 2016.[10] On May 24, 2016, Shields filed an opposition.[11] Also on May 24, 2016, Shields filed a "Motion to Strike Evidence Cited in Defendants' Motion for Summary Judgment"[12] to which Defendants filed an opposition on May 31, 2016.[13] On June 3, 2016, Shields also sought leave to file a reply.[14] The Court now grants Shields' request for leave to file and will consider her arguments. On June 3, 2016, Defendants filed a "Motion to Strike the Declaration of Debbie Bresler (Docket No. 74-8)."[15] Plaintiff filed an opposition on June 13, 2016.[16]

## II. Law and Analysis

**A.      *Legal Standard on a Motion to Strike***

Pursuant to Federal Rule of Civil Procedure 56(c)(2), on a motion for summary judgment, a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[17] After the 2010 amendments to Rule 56, "[t]here is

---

[9] Rec. Doc. 1.

[10] Rec. Doc. 63.

[11] Rec. Doc. 74.

[12] Rec. Doc. 73.

[13] Rec. Doc. 77.

[14] Rec. Doc. 80.

[15] Rec. Doc. 79.

[16] Rec. Doc. 87.

[17] Fed. R. Civ. P. 56(c)(2).

no need to make a separate motion to strike" inadmissible evidence.[18] According to the comments

following the revised rule:

> Subdivision (c)(2) provides that a party may object that material cited to support or
> dispute a fact cannot be presented in a form that would be admissible in evidence.
> The objection functions much as an objection at trial, adjusted to the pretrial setting.
> The burden is on the proponent to show that the material is admissible as presented
> or to explain the admissible form that is anticipated . . . . [19]

The Fifth Circuit has held that it is therefore proper for motions to strike evidence, presented in

support or in opposition to a motion for summary judgment, to be treated as objections to the

evidence.[20] Accordingly, the Court will convert the motions to strike to objections and consider

them as such.

**B.    *Shields' Objections to Defendants' Evidence***

Shields objects to the Court's consideration of all evidence concerning Acting General

Counsel Victor LaPuma's ("LaPuma") investigation into allegations made by Keli Nees ("Nees")

and evidence regarding Defendants' alleged reliance on the investigation in making the decision

to terminate Shields.[21] Shields argues that Defendants have waived any right to rely upon this

evidence by refusing to allow discovery into the investigation.[22] On March 8, 2016, Shields filed

a motion to compel, requesting that the Court order Defendants to produce: (1) documents related

to interviews conducted by LaPuma during his investigation of allegations of misconduct

---

[18] Fed. R. Civ. P. 56(c)(2) advisory committee's notes to 2010 amendment.

[19] *Id.*

[20] *See Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (adopting a district court opinion treating a motion to strike an affidavit as an objection).

[21] Rec. Doc. 73-1 at 1.

[22] *Id*. at 2.

committed by Shields; (2) a category of documents identified as "Handwritten Meeting Notes;" and (3) an email prepared by LaPuma regarding his "thoughts and opinions on [his] investigation and termination" of Shields and a response from Director of Human Resources Traci McAuliffe.[23] The Magistrate Judge granted in part and denied in part the motion, concluding that many of the documents were protected from disclosure by attorney-client privilege because they were confidential communications by or to LaPuma for the purpose of obtaining or rendering legal advice and/or by Federal Rule of Civil Procedure 26(b)(3) because they were created with the primary purpose of preparing for future litigation at a time when such litigation was reasonably anticipated.[24]

On April 22, 2016, Shields filed another motion to compel, in which Shields requested that the Court order Defendants to produce LaPuma for a deposition and require him to answer questions regarding his involvement in any disciplinary action involving Shields.[25] Shields argued that Defendant's disclosure of a June 19, 2014 email from Defendants' employee, Bonnie Lieberth, to LaPuma "broadly waived attorney-client privilege or work product production."[26] The Magistrate Judge concluded that because Defendants had deliberately produced the email to Shields, they had waived the attorney-client privilege as to the confidential communications contained therein and any responsive confidential communication on the same subject.[27] However, the Magistrate Judge also concluded that the subject matter of the waiver should be narrowly,

---

[23] Rec. Doc. 17.

[24] Rec. Doc. 34.

[25] Rec. Doc. 45.

[26] Rec. Doc. 72.

[27] Rec. Doc. 72 at 6.

rather than broadly, construed.[28] The Magistrate Judge denied the motion to compel to the extent that Shields argued that Defendants had waived their privileges as to LaPuma's entire investigation of the allegations made against Plaintiff.[29] The Magistrate Judge reasoned that an "at issue" waiver "occurs when the holder pleads a claim or defense in such a way that it will inevitably have to draw upon a privileged communication in order to prevail."[30] The Magistrate Judge further stated that he saw "no way that Defendants will be forced inevitably to draw upon any privileged communication or work product in order to prevail at trial in this matter. . . . Defendants are 'not attempting to make strategic use of this information and ha[ve] gained no tactical advantage by disclosing this privileged information,' which warrants a narrow construction of the subject matter of their waiver.'"[31]

Defendants invoked a privilege during discovery, to which Shields objected in her motions to compel. The Magistrate Judge concluded that the documents and testimony Shields sought was protected by privilege. Shields did not appeal either of these decisions to the District Court. Now, Shields argues that Defendants should not be allowed to rely upon any evidence that they have produced pertaining to the investigation because Defendants have failed to produce all of the evidence pertaining to the investigation on the grounds that it is subject to privilege.[32] The Magistrate Judge has already ruled that Defendants are not forced to draw upon privileged

---

[28] *Id.* at 8.

[29] *Id.*

[30] *Id.* (citing *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633, 2014 WL 29451, at *6 (M.D. La. Jan. 3, 2014)).

[31] *Id.* at 9 (citing *United States v. Citgo Petroleum Corp.*, No. 06-563, 2007 WL 1125792, at *6 (S.D. Tex. Apr. 16, 2007)).

[32] Rec. Doc. 73-1 at 1.

communications or work product to prevail at trial and that Defendants have not attempted to make strategic use of this information.[33] As the Magistrate Judge has already ruled upon these matters and Shields did not appeal any of those rulings to this Court, and the time to do so has passed, the Court will not address the merits of Shields' arguments.

Shields also objects to the Court's consideration of any evidence cited in Defendants' motion for summary judgment that was not provided to Shields prior to the close of discovery.[34] Specifically, Shields objects to the Court's consideration of Exhibit 16 to Defendants' motion for summary judgment, an EEOC charge from 2004, prior to the time that Shields began working for Defendants, in which an employee stated that Shields had discriminated against her on the basis of race and had engaged in race retaliation.[35] In opposition, Defendants assert that this evidence is impeachment evidence that was not requested in discovery and did not require disclosure.[36] Although Defendants assert that they only intend to use this evidence for impeachment, Defendants briefly rely upon this exhibit in the background section of their motion for summary judgment by stating "Interestingly, Plaintiff admittedly had been named in a race discrimination charge under Title VII brought by her former subordinate while employed at the University of South Florida for extremely similar statements complained of by Ms. Needs."[37] They also cite to this exhibit in their statement of undisputed material facts.[38]

---

[33] Rec. Doc. 72 at 9.

[34] Rec. Doc. 73-1 at 1–2.

[35] Rec. Doc. 63-4 at 24.

[36] Rec. Doc. 77 at 4.

[37] Rec. Doc. 63-1 at 14 & n.40.

[38] Rec. Doc. 63-6 at 7 n.54.

Pursuant to Federal Rule of Civil Procedure 37, if a party fails to provide information as required by Federal Rule of Civil Procedure 26, the party is not allowed to use that information to support a motion unless the failure was substantially justified or is harmless. Here, Defendants say they are not using the document to support their motion for summary judgment—in fact, it is referred to only as a background fact. Nevertheless, they cite it as an "undisputed fact" in their list of undisputed material facts filed to support their motion for summary judgment. The document does not appear to be relevant to any issue being considered by the Court in deciding Defendants' motion for summary judgment.

A court, in determining whether a violation of Rule 26 is harmless, looks to four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[39] Considering this document is unrelated to Shields' termination in this case and Defendants do not make any specific argument regarding this document in connection with their motion for summary judgment, regarding the first factor, this document is of little importance. Moreover, Defendants assert that they were not required to provide the document in discovery because they only intended to use it as impeachment and not in support of their defense. There would be little prejudice to Shields in allowing the document because the document is of little value in analyzing a motion for summary judgment. In light of these factors, the Court concludes that the failure to disclose this document was harmless at this stage because the document is irrelevant to the Court's analysis of the Defendants' motion for summary judgment. Nevertheless, the Court need not even consider it.

---

[39] *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

Finally, Shields objects to the Court's consideration of factual assertions made by Defendants that either do not have a specific citation to record evidence or for which the record evidence does not support the assertion.[40] The Court does not take a party's factual assertions in a motion for summary judgment at face value, but rather looks to the supporting evidence. The Court will evaluate the motion based upon the evidence presented and need not address here whether each statement made by Defendants in their briefing is supported by evidence in the record.

## C.     *Defendants' Objection to the Declaration of Debbie Bresler*

Defendants object to the Court's consideration of the declaration of Debbie Bresler ("Bresler"), a member of Defendants' board of directors, on the grounds that it contains inadmissible hearsay, statements that are not in her personal knowledge, speculation, and statements contrary to undisputed facts.[41] Pursuant to Federal Rule of Civil Procedure 56, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Bresler asserts that she was a board member for Defendants from 2008 to July 2015 and worked closely with Shields.[42] She asserts that she was aware of a "detached and dismissive attitude by Dr. Dennis Dillon toward Ms. Shields" and she "believe[s] that he treated her differently than his other direct reports (all of whom were African-American)."[43] Bresler contends that Dillon "cultivated an 'us versus them' mentality in the culture

---

[40] *Id.*

[41] Rec. Doc. 79-1 at 1.

[42] Rec. Doc. 74-8 at 1.

[43] *Id.*

of the Boys Town Louisiana (with the 'us' being African-Americans and the 'them' being Caucasians) while Ms. Shields was employed."[44] Furthermore, she contends that when she was informed of Shields' termination, she had a phone conversation with Boys Town personnel, including LaPuma and Shann McKeever, Vice President of Site Operations, in which she questioned the reasons for Shields' termination.[45] She asserts that she later was told that there was an audiotape allegedly demonstrating that Shield had made racist comments and that two other members of the board have also told her that they had been informed that there was such an audiotape.[46]

Bresler asserts that she bases her opinions regarding Dillon's treatment of Shields on her observations and bases her perception of the culture of Boys Town Louisiana on her experience as a member of the board for several years. Because Bresler asserts that her statements are based upon personal knowledge, the Court will consider her assertions.

Defendants also object to the Court's consideration of the declaration on the grounds that the declaration contains inadmissible hearsay.[47] In Bresler's declaration, she asserts that, after Shields' termination, she was "told that there was an audiotape supposedly demonstrating that Ms. Shields had made racist comments" and that two other board members also told Bresler that they had also been informed that there was an audiotape confirming that Shields had made racist comments.[48] Neither Shields nor Defendants specifically address the admissibility of these

---

[44] *Id.* at 2.

[45] *Id.*

[46] *Id.*

[47] Rec. Doc. 79-1 at 1.

[48] Rec. Doc. 74-8 at 2.

statements. Pursuant to Federal Rule of Evidence 801, a statement is hearsay if it is a statement not made during testimony at the current trial or hearing and it is being offered into evidence in order to prove the truth of the matter asserted in the statement. The burden is on the proponent of evidence to show that the statement is admissible as presented or to explain the admissible form that is anticipated.[49] Although the actual speaker is not identified, Bresler's assertions suggest that the statements were made by an employee of Defendants regarding a matter within the scope of the employment relationship, Shields' termination. Therefore, if the statements were made by Defendants' employees, the statements would not be considered hearsay pursuant to Federal Rule of Evidence 801(d)(2), which provides that statements made by a party opponent are not hearsay. Assuming the statements are not hearsay, and considering the evidence in the light most favorable to the non-moving party in a motion for summary judgment, the Court will consider them.

### IV. Conclusion

Based on the foregoing, the Court converts the motions to strike to objections. The Court overrules all of the objections lodged by the Defendants. However, the Court sustains Shields' objection to the Court's consideration of Defendants' Exhibit 16, the 2004 EEOC charge, and overrules the others.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Strike Evidence Cited in Defendants' Motion for Summary Judgment,"[50] and Defendants' "Motion to Strike the

---

[49] Fed. R. Civ. P. 56(c)(2) advisory committee's notes to 2010 amendment.

[50] Rec. Doc. 73.

Declaration of Debbie Bresler (Docket No. 74-8)"[51] are converted to objections to the Court's consideration of the evidence.

**IT IS FURTHER ORDERED** that that Plaintiff's "Motion for Leave to File Reply in Support of Motion to Strike"[52] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's objection to the Court's consideration of evidence regarding LaPuma's investigation is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the Court's consideration of Exhibit 16, the 2004 EEOC Charge, is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendants' objections to the declaration of Debbie Bresler are **OVERRULED**.

**NEW ORLEANS, LOUISIANA**, this 12th day of July, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[51] Rec. Doc. 79.

[52] Rec. Doc. 80.